79 P.3d 711

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Benjamin JAKOSKI, Defendant–Appellant.**

No. 29494.

Supreme Court of Idaho, Boise, September 2003 Term.

Oct. 29, 2003.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Sara B. Thomas argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

EISMANN, Justice.

This is an appeal from an order of the district court denying the defendant's motion to withdraw his guilty plea. We hold that the district court did not have jurisdiction to consider the motion made almost six years after the judgment was entered.

## I. FACTS AND PROCEDURAL HISTORY

On March 31, 1994, Benjamin Jakoski was charged by information with the crime of sexual abuse of a minor. After plea negotiations, Jakoski, his counsel, and the prosecuting attorney appeared in court on October 25, 1994, in order for Jakoski to enter an *Alford*[1] plea to a lesser charge of assault with intent to commit a serious felony.[2] At the time that Jakoski pled guilty, the information had not yet been amended to conform to the plea agreement. Therefore, the district court could neither read the amended information to Jakoski nor provide him with a copy of it.[3] When taking Jakoski's guilty plea, the district court simply informed Jakoski that the amended information would charge "assault with intent to commit a serious felony." There was no discussion on the record regarding what serious felony the amended information would allege that Jakoski intended to commit. Jakoski pled guilty to the charge. Later that day, the state filed the amended information and served a copy upon Jakoski's attorney.

1. When making an *Alford* plea, named after *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the defendant pleads guilty while at the same time asserting that he or she is innocent of the charge.

2. Idaho Code § 18–909 provides: "**Assault with intent to commit a serious felony defined.**—An assault upon another with intent to commit murder, rape, the infamous crime against nature, mayhem, robbery, or lewd and lascivious conduct with a minor child is an assault with the intent to commit a serious felony."

On December 12, 1994, the district court sentenced Jakoski to five years in the custody of the Idaho Board of Correction, with the first two years fixed and the remaining three years indeterminate. The district court suspended that sentence and placed Jakoski on probation for five years.

On January 26, 1995, the state filed a petition to revoke Jakoski's probation. After Jakoski admitted violating his probation, the district court revoked his probation and ordered that the suspended sentence be executed. The district court also retained jurisdiction for 180 days pursuant to Idaho Code § 19–2601(4). After the expiration of the period of retained jurisdiction, the district court again suspended Jakoski's sentence and placed him on probation for a term of eight years.

On June 7, 1996, the state again filed a petition to revoke Jakoski's probation, and Jakoski admitted the violation. As a result of this violation, the district court extended the term of Jakoski's probation to ten years and ordered him to serve one year in jail.

On September 18, 1997, the state filed a third petition to revoke Jakoski's probation. After Jakoski admitted the probation violation, the district court on October 24, 1997, revoked Jakoski's probation and ordered execution of the previously suspended sentence.

Jakoski appealed contending that the district court erred in failing to give him credit for the one year he served in jail as a condition of probation. That appeal was heard by the Idaho Court of Appeals, which affirmed the district court. *State v. Jakoski*, 132 Idaho 67, 966 P.2d 663 (Ct.App.1998).

3. Arraignment consists of reading the information or indictment to the defendant, giving him or her a copy thereof, and asking whether he or she pleads guilty or not guilty. IDAHO CODE §§ 19–1514 & 19–1304 (1997); IDAHO R. CRIM. P. 10(c). The defendant can waive the reading of the information or indictment, IDAHO R. CRIM. P. 10(c), but Jakoski did not do so with respect to the proposed amended indictment.

Jakoski later filed a petition for post-conviction relief. He contended that his trial counsel was ineffective for failing to tell Jakoski that he would not receive credit for the one year in jail served as a condition of probation. He also contended that his appellate counsel was ineffective for failing to argue that Jakoski's admission of the second and third probation violations were involuntary because he had not been advised that he would not receive credit for time served in jail as a condition of probation and for failing to promptly advise Jakoski of the prior decision of the Court of Appeals so that he could file a petition for review with this Court. The district court dismissed Jakoski's petition for post-conviction relief, and that dismissal was upheld on appeal by the Idaho Court of Appeals. *Jakoski v. State,* 136 Idaho 280, 32 P.3d 672 (2001).

On December 19, 2000, Jakoski filed a motion pursuant to Idaho Criminal Rule 33(c) seeking to withdraw his plea of guilty on the grounds that it was not made knowingly, intelligently, and voluntarily and that his attorney was ineffective. Jakoski contended that his guilty plea was not made knowingly, intelligently, and voluntarily because he had never been informed that the amended information alleged he committed the assault "with the intent to commit a lewd and lascivious conduct with a minor child with the intent to gratify the sexual desire of the Defendant and/or the child." He contended that his counsel was ineffective because he allegedly informed Jakoski that the amended charge was not a sex crime and pressured him into pleading guilty.

The district court denied Jakoski's motion to withdraw his plea of guilty on the ground that Jakoski had not shown manifest injustice.[4] Jakoski timely appealed the denial of his motion to withdraw his guilty plea. The appeal was initially heard by the Idaho Court of Appeals, which affirmed the denial of Jakoski's motion, although on different grounds and in three separate opinions. Judge Gutierrez held that the district court's jurisdiction to hear Jakoski's motion to withdraw his

guilty plea expired on January 23, 1995, 42 days after he was sentenced; that the motion could be considered an application for post-conviction relief; and that as such it should be denied pursuant to Idaho Code § 19-4908 because when he filed his first application for post-conviction relief Jakoski knew or should have known of the grounds upon which this application was based. Judge Lansing felt that the jurisdictional analysis was unnecessary because a post-judgment motion to withdraw a guilty plea should be considered as an application for post-conviction relief. She concurred in Judge Gutierrez's opinion that Jakoski's motion, when considered as an application for post-conviction relief, was properly denied. Judge Schwartzman agreed that the district court did not have jurisdiction to hear Jakoski's motion, but disagreed with statements in the lead opinion that if a notice of appeal was timely filed from the judgment of conviction, the trial court's jurisdiction to hear a motion to withdraw a guilty plea would be extended until the appeal was resolved. Following the decision of the Court of Appeals, we granted Jakoski's petition for review.

## II. ANALYSIS

The issue in this case is whether the district court had jurisdiction to consider Jakoski's motion to withdraw his guilty plea. This Court has long recognized that a court's jurisdiction to amend or set aside the judgment in a case does not continue forever. *Boyd v. Steele,* 6 Idaho 625, 59 P. 21 (1899) (where action had been dismissed by plaintiff, district court lost jurisdiction over the matter); *State ex rel. Conner v. Ensign,* 38 Idaho 539, 223 P. 230 (1924) (order annulling jail sentence and remitting fine made over three months after sentencing was void because district court no longer had jurisdiction); *Mathers v. Mathers,* 42 Idaho 821, 248 P. 468 (1926) (where divorce decree had become final upon expiration of time for appeal, district court did not have jurisdiction to modify the decree to add a provision for

---

**4.** Idaho Criminal Rule 33(c) provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea."

alimony); *McAllister v. Erickson,* 45 Idaho 211, 261 P. 242 (1927) (where district court dismissed case for lack of prosecution, it did not have jurisdiction one year later to reinstate the case); *State v. Neil,* 58 Idaho 359, 74 P.2d 586 (1937) (where statutory time within which to move for a new trial had lapsed, district court was without jurisdiction to grant the motion); *State v. Johnson,* 75 Idaho 157, 269 P.2d 769 (1954) (where judgment had been affirmed on appeal, the district court did not have jurisdiction to amend judgment by placing defendant on probation); *State v. Iverson,* 79 Idaho 25, 310 P.2d 803 (1957) (where statutory time within which to move for a new trial had expired and judgment had been affirmed on appeal, district court did not have jurisdiction to grant motion for a new trial based upon newly discovered evidence); *Paul v. Paul,* 97 Idaho 889, 556 P.2d 365 (1976) (district court did not have jurisdiction to modify the property provisions of a divorce decree after time for appeal had expired); *State v. Chapman,* 121 Idaho 351, 825 P.2d 74 (1992) (because of unreasonable delay in ruling upon motion for probation or to reduce sentence, district court lost jurisdiction). Absent a statute or rule extending its jurisdiction,[5] the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.

█ Jakoski argues that Article V, § 20, of the Constitution of the State of Idaho grants the district courts unending jurisdiction over a case. That provision states, "The district court shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." The word "jurisdiction" refers to the subject-matter jurisdiction of the district courts. See *Boughton v. Price,* 70 Idaho 243, 215 P.2d 286 (1950). Jurisdiction over the subject-matter is the abstract power to hear a case of a particular kind and character. *Wayne v. Alspach,* 20 Idaho 144, 116 P. 1033 (1911). Article V, § 20, grants district courts the power to hear all types of cases, both at law and in equity. It does not grant them perpetual jurisdiction to amend or set aside final judgments in cases that they have heard.

Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea. Jakoski was sentenced on December 12, 1994, and the judgment was entered on December 22, 1994. He did not appeal the judgment, and it therefore became final 42 days later.[6] Thereafter, the district court no longer had jurisdiction to hear a motion to withdraw Jakoski's guilty plea.

█ The next issue is whether Jakoski's motion to withdraw his guilty plea can be considered an application for post-conviction relief. In *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969), this Court held that an application for a writ of habeas corpus could be considered as an application for post-conviction relief. "It is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs." 93 Idaho at 237, 459 P.2d at 1019. Both habeas corpus and post-conviction relief, however, are civil in nature and are separate from criminal proceedings. *State v. Creech,* 132 Idaho 1, 9–10, 966 P.2d 1, 9–10 n. 1 (1998). It would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation. Because Jakoski's motion to withdraw his guilty plea cannot be considered as an application for post-conviction relief, we do not address the issue of whether any application for post-

---

**5.** For example, Rule 60(b) of the Idaho Rules of Civil Procedure permits a judgment to be set aside for several specified reasons on a motion made within a reasonable time, not to exceed six months, after the judgment, Rule 34 of the Idaho Criminal Rules permits a judgment to be vacated because of newly discovered evidence on a motion made within two years of the final judgment, and Rule 35 of the Idaho Criminal Rules permits a motion to correct an illegal sentence to be made at any time.

**6.** The time for filing a notice of appeal is 42 days from the date evidenced by the filing stamp of the clerk of the court on the judgment. IDAHO APP. R. 14(a).

conviction relief that Jakoski may file is barred by Idaho Code § 19–4908.

## III. CONCLUSION

Because the district court did not have jurisdiction to grant Jakoski's motion to withdraw his guilty plea, we affirm the denial of the motion.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and BURDICK concur.