**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37790**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 394 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 16, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES ROY CELLAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Charles Roy Cellan appeals from the district court's denial of his motion to withdraw his guilty pleas. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cellan pled guilty to two counts of felony domestic battery, Idaho Code §§ 18-903, 18-918(2). The district court imposed a ten-year determinate sentence for the first count and a consecutive ten-year sentence with five years determinate for the second count. Cellan filed an Idaho Criminal Rule 35 motion, which the district court denied. Cellan appealed and this Court affirmed in an unpublished decision. *State v. Cellan*, Docket No. 35145 (Ct. App. March 12, 2009) (unpublished). A remittitur was issued on June 3, 2009.

1

More than eight months later, on February 26, 2010, Cellan filed a motion to withdraw his guilty pleas pursuant to I.C.R. 33. The district court appointed counsel. Cellan argued that the district court should have ordered a psychological evaluation prior to acceptance of his guilty pleas, that the pleas were not made knowingly, intelligently, and voluntarily, and that he should be permitted to withdraw his pleas to correct a manifest injustice. Following a hearing, the district court denied the motion, concluding that it lacked jurisdiction to decide the motion and, alternatively, that Cellan had failed to demonstrate manifest injustice. Cellan appeals.

## II.

## ANALYSIS

Cellan claims that the district court erred by denying his motion to withdraw his guilty pleas. Cellan states: "Mindful of the fact that his argument is foreclosed by this Court's decision in *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), Mr. Cellan asserts that the district court erred when it denied his motion on jurisdictional grounds. Additionally, Mr. Cellan asserts that the district court erred when it denied his motion on the merits." The State contends that, indeed, under *Jakoski*, the district court lacked jurisdiction to consider the motion to withdraw guilty pleas. We agree.

In *Jakoski*, the Idaho Supreme Court held that, absent a statute or rule extending its jurisdiction, a trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal, or affirmance of the judgment on appeal. *Id.* at 355, 79 P.3d at 714. The Court further held that I.C.R. 33(c) does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea. *Id*.

The district court no longer had jurisdiction to hear Cellan's motion to withdraw his guilty pleas after the judgment of conviction became final. Cellan's judgment of conviction became final upon the issuance of the remittitur following appeal, over eight months before Cellan filed his motion to withdraw guilty pleas. The district court lacked jurisdiction to entertain the motion. *See also State v. Peterson*, 148 Idaho 610, 614, 226 P.3d 552, 556 (Ct. App. 2010).

2

### III.

### CONCLUSION

The district court was without jurisdiction to entertain Cellan's motion to withdraw guilty pleas, filed after his judgment of conviction became final. The district court's order denying Cellan's motion to withdraw his guilty pleas is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**