**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39233**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 491 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RONALD L. MACIK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Ronald L. Macik appeals from the district court's denial of Macik's motion for withdrawal of his guilty plea, which was filed more than thirty-eight years after entry of his judgment of conviction.

On September 14, 1972, Macik was convicted of first degree murder on his plea of guilty. He was sentenced to a term of life imprisonment. Macik evidently did not appeal, or any appeal that he filed was dismissed, for we find no record of an appeal in his case other than the appeal of his co-defendant, Danny Powers. On March 14, 2011, Macik wrote a letter to the district court which was treated as a motion to withdraw his guilty plea, and counsel was appointed to represent him. The district court denied Macik's motion upon concluding that the court was without jurisdiction to consider the merits of his claim.

Although "[m]indful of *State v. Jakoski*, 139 Idaho 352, 355, [79 P.3d 711, 714] (2003)," in which the Idaho Supreme Court held that a trial court is without jurisdiction to entertain a

1

motion for withdrawal of a guilty plea after the judgment in the criminal case has become final, Macik nevertheless appeals. In *Jakoski*, the Supreme Court stated, "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id.* at 355, 79 P.3d at 714. Idaho Criminal Rule 33(c), which authorizes motions to withdraw guilty pleas, "does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea." *Id.* Consequently, a trial court possesses no jurisdiction to consider a motion for withdrawal of a guilty plea after the judgment of conviction has become final. This absence of jurisdiction precludes consideration of a motion to withdraw a guilty plea "irrespective of the merits" of the defendant's claim. *State v. Wegner*, 148 Idaho 270, 272, 220 P.3d 1089, 1091 (2009).

It is apparent that the district court did not possess jurisdiction to grant Macik's motion to withdraw his guilty plea more than thirty-eight years after judgment was entered. Therefore, the district court's order denying Macik's motion to withdraw his guilty plea is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**