# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41320

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 501 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 9, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD T. SPARKS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed; order denying motion to withdraw guilty plea, affirmed.

Richard T. Sparks, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In 2006, Sparks pled guilty to removal of a firearm from a law enforcement officer. The district court sentenced Sparks to an indeterminate term of five years to run consecutively to Sparks' other sentences. Sparks did not file an appeal from the judgment of conviction. In 2013, Sparks filed an Idaho Criminal Rule 35 motion to correct an illegal sentence and a motion to withdraw his guilty plea. The district court denied the motions. Sparks appeals.

Pursuant to Rule 35(b), a district court may correct a sentence that was imposed in an illegal manner within 120 days after the filing of the judgment of conviction. To the extent Sparks' Rule 35 motion seeks relief from a sentence imposed in an illegal manner, it is untimely. Sparks' motion was filed several years after the judgment of conviction was entered. Therefore,

1

the district court was without jurisdiction to grant relief on this basis. *See State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct. App. 1987).

The court may correct a sentence that is illegal from the face of the record at any time. I.C.R. 35(a); *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). The legality of a sentence is a question of law over which we exercise free review. *State v. Alsanea*, 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003); *State v. Josephson*, 124 ldaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). An illegal sentence under Rule 35(a) is one in excess of a statutory provision or otherwise contrary to applicable law. *Alsanea*, 138 Idaho at 745, 69 P.3d at 165. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, *i.e.*, does not involve significant questions of fact or require an evidentiary hearing. Having reviewed the record in this case, we conclude Sparks has failed to show that his sentence is illegal. His sentence does not exceed the statutory maximum for his offense and is not otherwise contrary to applicable law. Accordingly, the district court's order denying Sparks' Rule 35 motion is affirmed.

Motions to withdraw guilty pleas are authorized by Idaho Criminal Rule 33(c). Once a judgment becomes final, however, a trial court does not have jurisdiction to amend or set aside the judgment absent a statute or rule extending jurisdiction. *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). A judgment becomes final either by expiration of the time for appeal or affirmance of the judgment on appeal. *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. A motion to withdraw a guilty plea may not be granted thereafter. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. Here, Sparks' motion to withdraw his guilty plea was filed several years after the judgment was final. Accordingly, the motion was untimely and the district court did not have jurisdiction to grant the motion. The district court's order denying Sparks' motion to withdraw his guilty plea is affirmed.