IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41343

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 517 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALEX DAVID TONY SCOTT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order of the district court denying motion to withdraw guilty plea, affirmed.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Alex David Tony Scott was convicted of two counts of aggravated battery. After a period of retained jurisdiction and being placed on probation, Scott filed a motion to withdraw his guilty plea. The district court concluded that the motion was untimely and denied it. Scott appeals.

## I.

## BACKGROUND

Scott was charged with three counts of aggravated assault, Idaho Code §§ 18-901(a), 18-905(a). Because of his psychiatric disability, the district court granted his motion seeking a mental health and competency evaluation. The evaluation indicated that Scott was competent to stand trial. Thereafter, Scott pleaded guilty to two counts of aggravated assault in exchange for the dismissal of the other charge. On December 10, 2010, the court entered a judgment of conviction and sentence but retained jurisdiction. Scott did not appeal from the judgment.

1

After his period of retained jurisdiction, the court placed Scott on probation. The State initiated probation revocation proceedings after Scott was charged with battery in another case and admitted methamphetamine and marijuana use.

Before the court could rule on the probation violations, on December 19, 2011, Scott filed a motion to withdraw his guilty plea, pursuant to Idaho Criminal Rule 33(c), arguing that he was not mentally stable at the time of his plea. Because counsel failed to file a notice of hearing on the motion and because of a change in counsel for the probation revocation proceedings, the motion to withdraw the guilty plea was not heard. Scott filed an amended motion asserting the same claims on February 14, 2013. After a hearing, the district court concluded that even the original motion was untimely and that the court therefore lacked jurisdiction to permit Scott to withdraw his guilty plea.[1] Scott appeals the denial of this motion.

## II.

## ANALYSIS

Scott argues that the district court erred in holding that it lacked jurisdiction to consider his Rule 33 motion to withdraw his guilty plea. On appeal, Scott acknowledges the Idaho Supreme Court's holding in *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003) and does not attempt to distinguish it. In that case, the Court held that "the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id*. at 355, 79 P.3d at 714. The Supreme Court said:

> Rule 33(c) of the Idaho Criminal Rules does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea. Jakoski was sentenced on December 12, 1994, and the judgment was entered on December 22, 1994. He did not appeal the judgment, and it therefore became final 42 days later. Thereafter, the district court no longer had jurisdiction to hear a motion to withdraw Jakoski's guilty plea.

*Id*. (footnote omitted).

As stated in *Jakoski*, a motion to withdraw a guilty plea must be filed within forty-two days of the entry of the judgment of conviction where a defendant does not file a direct appeal. Because Scott did not file an appeal from his judgment of conviction that was entered on December 10, 2010, the forty-two-day period in which Scott could have timely filed his

---

[1] The court also concluded that the claim was substantively meritless.

2

Rule 33(c) motion expired on January 21, 2011. Therefore, we conclude that Scott's motion, filed on December 19, 2011, was untimely and the court lacked jurisdiction to grant it. Accordingly, we find no error.

The district court properly denied Scott's motion to withdraw his guilty plea because its untimeliness divested the district court of jurisdiction. Therefore, the order of the district court denying Scott's motion to withdraw his guilty plea is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**