**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40414**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 654 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 8, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LONNY EARL WEBB, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order denying motion to withdraw guilty plea to felony driving under the influence, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Lonny Earl Webb appeals from the district court's order denying his motion to withdraw his guilty plea to felony driving under the influence. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Webb was arrested on suspicion of driving under the influence (DUI). After his refusal to submit to a breath alcohol test, a blood test was performed revealing a blood alcohol content well over the legal limit. Webb had at least one previous felony DUI conviction within fifteen years and so was charged with felony DUI and with being a persistent violator. On April 4, 2012, Webb pled guilty to felony DUI in exchange for dismissal of the persistent violator charge. The district court entered a judgment of conviction on May 22, 2012.

On June 1, 2012, Webb was informed, via counsel, that the blood sample in his case had not been refrigerated for nearly a month in accordance with Idaho State Police (ISP) procedure.

1

The letter from ISP disclosing the aberration indicated, "While the preferred method of storage is refrigeration, room temperature storage does not invalidate the laboratory testing or results," and that, based on its review of relevant literature and scientific research, "any potential effects from this room temperature storage would be in favor of [Webb]."

On July 5, 2012, Webb filed an Idaho Criminal Rule 33(c) motion to withdraw his guilty plea,[1] contending the blood sample evidence was a significant factor in his decision to plead guilty. The district court denied the motion, determining it lacked jurisdiction to consider the motion because the time for appeal had passed and Webb's conviction had become final. The district court also indicated that even if it had jurisdiction to do so, it would deny the motion on its merits. Webb now appeals.

## II.

## ANALYSIS

Webb contends the district court erred by denying his motion to withdraw his guilty plea. Although acknowledging the Idaho Supreme Court's holding in *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), that a district court loses jurisdiction to hear a motion to withdraw a guilty plea after a judgment becomes final, he contends it is "in the interests of justice" for this Court to allow him to withdraw his guilty plea. Specifically, he contends this Court should hold that where new evidence is discovered, jurisdiction extends under Rule 33(c) for a similar time period as provided in Idaho Criminal Rule 34, which allows a motion for a *new trial* based upon the ground of newly discovered evidence to be made within two years after a final judgment.

In *Jakoski*, approximately six years after his judgment of conviction was entered, the appellant filed a Rule 33(c) motion seeking to withdraw his guilty plea on the grounds that it was not made knowingly, intelligently, and voluntarily and that his attorney was ineffective. *Jakoski*, 139 Idaho at 713, 79 P.3d at 354. On appeal, the Supreme Court assessed whether the district court had jurisdiction to consider Jakoski's motion to withdraw his guilty plea. The Court noted that absent a statute or rule extending its jurisdiction, a trial court's jurisdiction to amend or set

---

[1]     Idaho Criminal Rule 33(c) provides:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *Id*. at 355, 79 P.3d at 714. Thus, the Court concluded, because Rule 33(c) does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea, a district court does not have jurisdiction to hear a motion to withdraw a guilty plea after a judgment becomes final. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.

The *Jakoski* Court made clear that jurisdiction may not be extended absent a statute or rule and such a rule or statute does not exist allowing for the extension of jurisdiction in this case. Although Webb requests that we graft the time limit of Rule 34 into Rule 33(c), he cites no authority allowing this Court to do so. The plain language of Rule 34 applies to motions for a *new trial*; any application of the two-year period to a motion to withdraw a guilty plea could only be extended by the legislature or the Idaho Supreme Court through a new statute or rule, respectively.

Accordingly, the district court did not err by determining it did not have jurisdiction to consider Webb's Rule 33(c) motion after his judgment was final. The order denying Webb's motion to withdraw his guilty plea is affirmed.

Judge LANSING and Judge GRATTON **CONCUR.**