**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43443**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Opinion No. 70 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOUGLAS RAYMOND COLVIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Latah County. Hon. John R. Stegner, District Judge.

Order denying motions to correct an illegal sentence, to withdraw guilty plea, and for appointment standby counsel, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Douglas Raymond Colvin appeals from the district court's order denying his motions to correct an illegal sentence, withdraw his guilty plea, and for appointment of standby counsel. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 1992, pursuant to a plea agreement, Colvin pled guilty to second degree murder. At his sentencing hearing, the district court invited Colvin to make a statement on his behalf, which he did. The district court also asked Colvin's attorney whether there was any legal reason the judgment should not be pronounced, and Colvin's attorney answered in the negative. Colvin was sentenced to a unified life term, with a minimum period of confinement of twenty-five years. In

1

2015, Colvin filed three motions: (1) motion for correction of an illegal sentence; (2) "motion for relief," which requested that he be allowed to withdraw his guilty plea; and (3) motion for appointment of standby counsel.

In his motion to correct an illegal sentence, Colvin argued that the district court violated Colvin's right to allocution by failing to explain that his personal statement could include mitigating information. Colvin also argued that it was improper for the district court to ask Colvin's attorney, rather than Colvin, whether there was any legal reason judgment should not be pronounced. In Colvin's motion to withdraw his guilty plea, he claimed that his guilty plea was invalid and therefore resulted in a manifest injustice. Finally, in his motion for appointment of standby counsel, Colvin argued that he was entitled to counsel to confer with regarding the motion to correct an illegal sentence and the motion to withdraw the guilty plea. The district court denied all three motions. Colvin appeals.

## II.

## ANALYSIS

On appeal, Colvin contends that the district court erred in denying his motion to correct an illegal sentence and abused its discretion in denying his motion to withdraw his guilty plea and motion for appointment of standby counsel.

### A.     Motion to Correct Illegal Sentence

On appeal, Colvin contends the district court erred when it denied his motion to correct an illegal sentence. The district court found that Colvin's motion was barred by the time limitations contained in Rule 35(b) and that, even if it were brought under Rule 35(a), that his sentence was not illegal on the face of the record. Rule 35 is a narrow rule which allows a trial court to correct an illegal sentence or to correct a sentence imposed in an illegal manner. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). An illegal sentence apparent from the face of the record can be corrected at any time. I.C.R. 35(a). However, a sentence imposed in an illegal manner may only be corrected within 120 days after the judgment of conviction is filed. I.C.R. 35(b). Whether a sentence is illegal or whether it was imposed in an illegal manner is a question of law, over which we exercise free review. *Farwell*, 144 Idaho at 735, 170 P.3d at 400.

Colvin purported to bring his motion to correct an illegal sentence under Rule 35(a). However, Colvin's motion challenges the manner in which his sentence was imposed, not whether the sentence was authorized by law. In his motion, Colvin argued that the district court's invitation for Colvin to speak violated his right of allocution because it did not inform him of his right to introduce mitigating evidence in accordance with I.C.R. 33(a)(1).[1] Because Colvin's argument challenges the manner in which his sentence was imposed, Rule 35(b) is the proper vehicle. Colvin's challenge is therefore barred by the time limitations contained in Rule 35(b).

**B.      Motion to Withdraw Guilty Plea**

On appeal, Colvin contends that the district court abused its discretion when it denied Colvin's motion to withdraw his guilty plea. Colvin's judgment of conviction became final in 1992. In 2015, Colvin filed a "motion for relief," which requested that he be permitted to withdraw his guilty plea. The district court denied the motion on its merits. However, the district court had no jurisdiction to grant the motion. A trial court's jurisdiction to grant a motion to withdraw a plea of guilty pursuant to I.C.R 33(c) expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). We note that the district court did not address the question of subject matter jurisdiction and the issue was not raised by the State on appeal.[2] However, the question of subject matter jurisdiction is fundamental and cannot be ignored. Even if jurisdictional issues are not raised by the parties, the Court must address them on its own initiative. *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 981 (2011).

**C.      Motion for Appointment of Standby Counsel**

On appeal, Colvin asserts that the district court abused its discretion when it determined that Colvin's motions were frivolous and denied his request for the appointment of standby counsel. Whether to appoint standby counsel is discretionary. *State v. Averett*, 142 Idaho 879,

---

[1]      Idaho Criminal Rule 33(a)(1) requires the trial court, prior to sentencing, to address the defendant personally, to ask if the defendant wishes to make a statement, and to present any information in mitigation of punishment.

[2]      The issue of subject matter jurisdiction was mentioned in the appellant's brief.

886, 357 (Ct. App. 2006). A defendant may be denied the appointment of counsel to assist in pursuing post-commitment motions if the trial court finds the motions to be frivolous. *State v. Wade*, 125 Idaho 522, 523-24, 873 P.2d 167, 169 (Ct. App. 1994). The district court correctly denied Colvin's motions because an attorney would not assist Colvin in preparing meritless claims. Accordingly, the district court did not err in denying Colvin's motion for appointment of standby counsel.

## III.

## CONCLUSION

Colvin failed to show that the district court erred when it denied Colvin's motion to correct an illegal sentence. The district court lacked jurisdiction to consider Colvin's motion to withdraw his guilty plea. The district court did not abuse its discretion in denying Colvin's motion for appointment of standby counsel. Accordingly, the district court's order denying Colvin's motions to correct an illegal sentence, to withdraw his guilty plea, and for appointment of standby counsel is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.