**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44721**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 531** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 28, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **SAMIR MICHAEL ABRAMS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order dismissing Idaho Criminal Rule 33(c) motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Samir Michael Abrams appeals from the district court's order dismissing his Idaho Criminal Rule 33(c) motion to withdraw his guilty plea. Because the district court did not have subject matter jurisdiction to hear the motion, the district court correctly dismissed the motion.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Abrams pleaded guilty in 2013 to providing false information to the sex-offender registry. The judgment of conviction was entered on July 19, 2013, with the district court retaining jurisdiction. After successfully completing the period of retained jurisdiction, Abrams was placed on probation. Abrams did not file a notice of appeal from either the judgment of conviction or the order placing him on probation.

1

In 2016, Abrams filed an I.C.R. 33(c) motion to withdraw his guilty plea, arguing there was no factual basis for his plea. The district court denied the motion for lack of subject matter jurisdiction. We affirm the district court.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law that may be raised at any time, and over which appellate courts exercise free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

## III.

## ANALYSIS

A trial court's jurisdiction over the subject matter of a case does not continue forever. *See Boyd v. Steele*, 6 Idaho 625, 59 P. 21 (1899). Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. I.A.R. 14(a); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Rule 33(c) of the Idaho Criminal Rules governs motions to withdraw guilty pleas. That rule "does not include any provision extending the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea." *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. If a motion to withdraw a guilty plea is filed after the judgment becomes final, the district court lacks jurisdiction to consider the motion. *Id*.

Here, Abrams' judgment of conviction became final on August 30, 2013. Abrams filed his motion to withdraw his guilty plea on September 2, 2016, long after the district court lost jurisdiction to hear the motion. As such, the district court correctly ruled it did not have subject matter jurisdiction.

## IV.

## CONCLUSION

Because Abrams' I.C.R. 33(c) motion was filed after the district court no longer had subject matter jurisdiction to consider the motion, the district court correctly dismissed the motion. The district court's order dismissing Abrams' I.C.R. 33(c) motion is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.