**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45509**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 11, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| BRYCE COLE DIXEY TETON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Order denying I.C.R. 35(a) motion to correct an illegal sentence, <u>affirmed</u>; order denying I.C.R. 33(c) motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Bryce Cole Dixey Teton pled guilty to grand theft by receiving/possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1)(b)(1). The district court imposed a term of eight years with two years determinate and retained jurisdiction. The district court subsequently relinquished jurisdiction.

Teton filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his sentence is illegal because the district court failed to order a mental health evaluation by a neutral psychiatrist, and the face of the record showed that he had a serious mental health condition. Teton also filed a motion to withdraw his guilty plea pursuant to

1

I.C.R. 33(c). The district court denied Teton's motions. The district court noted that Teton underwent a mental health evaluation prior to sentencing, and that a second evaluation by a "neutral psychiatrist" was not required. Moreover, the district court held that Teton's challenge was to the manner in which sentence was imposed and, therefore, untimely. The court also held that it no longer had jurisdiction to adjudicate Teton's Rule 33(c) motion. Teton appeals, asserting that the district court abused its discretion by denying Teton's I.C.R. 35(a) and 33(c) motions.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Teton's sentence is not illegal from the face of the record. Moreover, as the district court held, Teton's claim is actually a challenge to the manner in which sentence was imposed. Consequently, Teton's motion was untimely under Rule 35(b).

As to the Rule 33 motion, Teton's judgment was entered on February 6, 2012. Teton did not file a timely notice of appeal and the judgment became final on March 19, 2012. Teton filed his motion to withdraw his guilty plea on August 7, 2017. In *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003) the Idaho Supreme Court held that absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment become final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *Id*. at 354, 79 P.3d at 713. The Court further stated that I.C.R. 33(c) does not include any provision to extend the jurisdiction of the trial court for the purpose of hearing a motion to withdraw a guilty plea. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. The district court correctly determined that it lacked jurisdiction to consider the Rule 33 motion.

The record supports the district court's finding that Teton's sentence is not illegal. The record also supports the district court's finding that it did not have jurisdiction to consider Teton's motion to withdraw his guilty plea. Therefore, the district court properly denied Teton's motions. Accordingly, we conclude no abuse of discretion has been shown and the district court's orders denying Teton's Rule 35 motion and Rule 33 motion are affirmed.