**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45826**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 4, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JARRETT LEE VANN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>; order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jarrett Lee Vann appeals from the district court's orders denying Vann's motion to withdraw his guilty plea and his I.C.R. 35 motion for correction of an illegal sentence. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In June 2008, the district court entered a judgment of conviction on Vann's guilty plea to possession of sexually exploitative material. The district court imposed a unified ten-year sentence, with three years determinate, and ordered the sentence to run concurrently "with any other sentence being served." Because Vann had been on parole in relation to a federal case when he committed the underlying offense in this case, the judgment of conviction indicated the

1

district court would "have no objection" to Vann serving his state sentence "either in the custody of the Idaho Department of Corrections or the Federal Bureau of Prisons." Vann did not appeal from his judgment of conviction.

In October 2017, Vann filed a motion to withdraw his guilty plea. Vann's motion was based on the parole commission's discretionary determination that he would not receive credit for time served, including time he spent in federal prison while on parole in this case. Vann argued that the loss of credit deprived him of the "concurrent operation" of his sentence, which he alleged violated his plea agreement. Vann also filed a motion pursuant to I.C.R. 35, claiming his sentence is illegal for the same reasons alleged in support of his motion to withdraw his guilty plea. The district court granted Vann's request to appoint counsel to represent him on his motions. The district court subsequently denied both of Vann's motions. The district court denied Vann's motion to withdraw his guilty plea, concluding it lacked jurisdiction to consider the motion and, even if considered, Vann failed to state any valid basis for withdrawal of his guilty plea. The district court denied Vann's Rule 35 motion, concluding Vann's sentence is not illegal. Vann appeals.

## II.

## STANDARD OF REVIEW

Jurisdiction is a question of law that is reviewed de novo. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015). Whether a sentence is illegal is also a question of law over which we exercise free review. *State v. Colvin*, 162 Idaho 67, 68, 394 P.3d 110, 111 (Ct. App. 2016).

## III.

## ANALYSIS

### A. Motion to Withdraw Guilty Plea

Vann asserts that, although he is "mindful" that the district court did not have jurisdiction to consider his motion to withdraw his guilty plea, the district court nevertheless "erred by not allowing him to withdraw his guilty plea." The State agrees, as do we, that the district court lacked jurisdiction to consider Vann's motion to withdraw his guilty plea.

A trial court's jurisdiction to grant a motion to withdraw a guilty plea pursuant to I.C.R. 33(c) expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *See State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711,

2

714 (2003). Because Vann did not appeal from his judgment of conviction, it became final forty-two days after judgment was entered in June 2008. *See* I.A.R. 14(a). Vann did not seek withdrawal of his guilty plea until October 2017, which was well beyond the date his judgment became final. The district court, therefore, lacked jurisdiction to consider Vann's motion.

**B.     Rule 35 Motion to Correct Illegal Sentence**

Vann's challenge to the denial of his Rule 35 motion is also prefaced with the acknowledgment that he is "mindful" that his sentence is not illegal. We agree that Vann's sentence is not illegal.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. An illegal sentence is one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing. *Wolfe*, 158 Idaho at 65, 343 P.3d at 507. Rule 35 inquiries must involve only questions of law. *Id.* Vann's sentence is not illegal from the face of the record. A district court may order a sentence to run concurrent, as it did in Vann's case. *See* I.C. § 18-308. That Vann's post-judgment conduct resulted in a determination by the parole commission that Vann would not receive credit for time served while on parole does not render Vann's sentence illegal.[1] The district court did not err in denying Vann's Rule 35 motion.

## IV.

## CONCLUSION

The district court lacked jurisdiction to consider Vann's motion to withdraw his guilty plea. Because Vann's sentence is not illegal, the district court did not err in denying Vann's Rule 35 motion. Accordingly, the district court's orders denying Vann's motion to withdraw his guilty plea and his Rule 35 motion are affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[1]     In an unpublished opinion, this Court affirmed the dismissal of Vann's petition for writ of habeas corpus in which he claimed that the parole commission's decision that he would not receive credit for time served on parole was erroneous in light of the fact that the district court ordered his state court sentence to run concurrent to any other sentence. *Vann v. Wilmoth*, Docket No. 42429 (Ct. App. July 13, 2018).