**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47320**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 15, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHNNY RAY ANDOE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Michael P. Tribe, District Judge.

Orders of the district court denying various motions, <u>affirmed</u>.

Johnny Ray Andoe, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Johnny Ray Andoe pled guilty, pursuant to an agreement with the State, to second degree kidnapping and felony domestic battery. The district court suspended Andoe's sentences and retained jurisdiction, but later relinquished jurisdiction and imposed the original sentences. This Court affirmed the relinquishment of jurisdiction and the denial of Andoe's Idaho Criminal Rule 35(a) and (b) motions and request for appointment of counsel in an unpublished decision. *State v. Andoe*, Docket No. 39023 (Ct. App. April 5, 2012). In the intervening years since his judgment of conviction became final, Andoe has filed numerous motions in the criminal case and collaterally initiated civil proceedings, all of which were denied or dismissed by the district court.[1] This Court, on three separate occasions, has affirmed the district court's denial of Rule 35(a)

---

[1] Andoe was declared a vexatious litigant pursuant to Idaho Administrative Rule 59(c) in June of 2015, precluding him from filing civil suits without pre-filing permission from the court. Jerome County Case No. CV-2015-501.

1

motions to correct allegedly illegal sentences.[2]  In addition, at least five other appeals have been dismissed by the Idaho Supreme Court.[3]

In the present matter, Andoe appeals from the district court's denial of various motions filed in August 2019.  These motions were supported by various memoranda, affidavits, and attachments.  The district court denied the motions and Andoe timely appeals pro se.  Andoe's motions and his briefs on appeal are difficult to decipher.  However, it appears that Andoe is claiming that his guilty pleas to second degree kidnapping and felony domestic battery arose from the same act, evidence, and incident, which resulted in a constitutional double jeopardy violation.[4]

As noted, Andoe's judgment of conviction became final in 2012.  In his motions relating to his double jeopardy claim and in his opening brief on appeal, Andoe cited to no statute or rule by which the district court had jurisdiction to rule on the motions.  Once a judgment becomes final, a trial court does not have jurisdiction to amend or set aside the judgment absent a statute or rule extending jurisdiction.  *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003).  A judgment becomes final either by expiration of the time for appeal or affirmance of the judgment on appeal.  *Rogers*, 140 Idaho at 228, 91 P.3d at 1132; *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.  Andoe has failed to show error as he has failed to cite to a statute or rule by which the district court's jurisdiction was extended to consider the motions.  While this Court need not address matters raised for the first time in a reply brief, Andoe appears to assert in his reply brief that the district court's jurisdiction to consider the motions was under Idaho Criminal Rule 33(c).  Motions to withdraw guilty pleas are authorized by Rule 33(c).  However, a motion to withdraw a guilty plea may not be granted after a judgment has become final.  *Jakoski*, 139 Idaho at 355, 79 P.3d at 714.  Therefore, the district court's orders denying Andoe's motions are affirmed.

Judge BRAILSFORD and Judge Pro Tem HORTON **CONCUR**.

---

[2]     *State v. Andoe*, Docket No. 41369 (Ct. App. Oct. 2, 2014); *State v. Andoe*, Docket No. 43364 (Ct. App. April 29, 2016); and *State v. Andoe*, Docket No. 46341 (Ct. App. April 11, 2019).

[3]     *See* Idaho Supreme Court Docket Nos. 41339, 45791, 45990, 46197, and 47147.

[4]     Andoe includes various descriptions and assertions that the charges arose from consensual sexual relations with his wife.  To the extent Andoe attempts to assert any claim on appeal other than the double jeopardy claim, he has waived all such claims by failing to support them with argument or authority.  *State v. Zichko*, 129 Idaho 257, 263, 923 P.2d 966, 970 (1996).