**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47838**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 3, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RACHAEL LOUISE MEYER, aka | ) **OPINION AND SHALL NOT** |
| RACHEAL LOUISE MEYER, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order denying motion for return of property, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Rachael Louise Meyer appeals from the district court's order denying her motion for return of property. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Meyer was convicted of trafficking in heroin, and her conviction and sentence were affirmed on appeal. *State v. Meyer*, Docket No. 46014 (Ct. App. Dec. 12, 2019) (unpublished). During the traffic stop which led to her arrest and eventual conviction, Meyer's purse was searched and found to contain a large amount of heroin and $3,038 in cash. The money was confiscated and, after her conviction and appeal, Meyer filed a pro se motion for its return. The district court found that the money had been forfeited in a separate civil action pursuant to Idaho Code § 37-

1

2744. Since a default judgment had been entered in that case, the district court found that Meyer no longer had a right to make a claim for the property and denied her motion.

Meyer filed a second motion for return of property, which the district court denied on the same grounds as the first motion. Meyer timely appeals.

## II.

## ANALYSIS

Meyer argues that the district court erred in denying her motion for return of property. Specifically, Meyer argues that she is the lawful owner of the money at issue, and the State presented no evidence that the confiscated money was connected to drug activity. Meyer concedes that the magistrate court entered a default judgment in the civil forfeiture case, but contends she was not served with a copy of the default judgment or any other documents in the civil forfeiture case. The State argues that the district court was correct that since the confiscated money was forfeited in the civil action, Meyer no longer had any ownership interest in the money. In addition, the State argues that the district court lacked jurisdiction to consider the validity of the judgment in the civil forfeiture case.

Idaho Code § 37-2744(a)(6) provides that money found in close proximity to controlled substances may be subject to forfeiture. Forfeiture proceedings are governed by the Idaho Rules of Civil Procedure and, in the case of money, must determine whether the property was used, or intended for use, in connection with the illegal manufacture, distribution, dispensing, or possession of controlled substances. I.C. § 37-2744(d)(2).

Meyer argues that she is the lawful owner of the money. However, as the district court noted, and Meyer conceded, the money was forfeited in a separate civil case pursuant to I.C. § 37-2744, and Meyer no longer has an ownership interest in the money. As to Meyer's argument that the State presented no evidence that the money was connected to drug activity, and that she received no notification of the civil forfeiture case, the State is correct that there is no rule that allows a collateral attack on the forfeiture judgment. "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Without a rule permitting the district court to consider the validity of the forfeiture judgment, the district court lacked jurisdiction to consider Meyer's argument. Because the district court lacked jurisdiction to

consider the validity of the forfeiture judgment, it did not err in denying Meyer's motion for return of property.

## III.

## CONCLUSION

The district court did not err by denying Meyer's motion for return of property. Accordingly, the district court's order denying Meyer's motion for return of property is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD **CONCUR**.