**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51404**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 22, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHAWN NATHAN FISHER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order of the district court denying motion to waive, relinquish, or suspend restitution payments, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Shawn Nathan Fisher appeals from the district court's order denying his motion to waive, relinquish, or suspend restitution payments. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2015, Fisher was convicted of second degree murder and ordered to pay restitution. Fisher's judgment and conviction were affirmed by the Idaho Supreme Court. *State v. Fisher*, 162 Idaho 465, 398 P.3d 839 (2017). A remittitur was issued in August 2017. In 2023, Fisher filed a pro se motion requesting the district court waive, relinquish, or suspend his restitution payments. Fisher claimed Idaho Code § 20-209H, which requires that twenty percent of any money put into his inmate account go towards outstanding restitution, is unconstitutional. The district court denied

1

the motion, holding that it no longer had jurisdiction over the 2015 restitution order. Fisher appeals.

## II.

## STANDARD OF REVIEW

Whether a trial court had subject matter jurisdiction over a proceeding is an issue of law that this Court reviews de novo. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015).

## III.

## ANALYSIS

Mindful that the district court lacked jurisdiction to grant the relief he seeks, Fisher argues the district court abused its discretion in denying his motion. Fisher asserts that the requirement in I.C. § 20-209H that "all moneys received by the inmate from any other source" be deposited into the inmate's account subject to the provision that twenty percent be paid toward restitution is unconstitutionally vague. He contends that the requirement essentially places a burden on those who may wish to support an inmate to pay for the inmate's restitution obligation. Consequently, he claims that I.C. § 20-209H deprives those who wish to make deposits into his account their right to due process of law, because those individuals are effectively paying restitution costs without having been charged with or found guilty of any crimes. The State argues that the district court lacked jurisdiction to grant Fisher's motion.

The district court lost jurisdiction in August 2017, when the Idaho Supreme Court issued its remittitur after affirming Fisher's judgment of conviction. A court's jurisdiction to amend or set aside the judgment in a case does not continue forever. *State v. Jakoski*, 139 Idaho 352, 354, 79 P.3d 711, 713 (2003). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *Id*. at 355, 79 P.3d at 714.

Fisher has failed to point to any rule or statute extending the district court's jurisdiction to hear a motion for relief from restitution in this case. The district court lacked jurisdiction to grant the relief Fisher requested. Therefore, the district court did not err in denying Fisher's motion to waive, relinquish, or suspend restitution payments.

2

## IV.

## CONCLUSION

The district court lacked jurisdiction to grant Fisher's motion. The order of the district court denying Fisher's motion to waive, relinquish, or suspend restitution payments is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.