# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36460

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Boise, September 2010 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2011 Opinion No. 9 |
| v. | ) | |
| | ) | Filed: February 2, 2011 |
| GARY LEE HARTWIG, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Owyhee County. Hon. Gregory M. Culet, District Judge.

The district court order granting motion to reconsider and order reinstating defendant's requirement to register as a sexual offender is <u>vacated</u>.

Walker & Walker, P.C., Weiser, for appellant. Lary C. Walker argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. John C. McKinney argued.

_____

HORTON, Justice

In 1991, Gary Lee Hartwig pled guilty to one count of lewd and lascivious conduct with an eight-year-old child. He received a suspended sentence and was placed on probation. In 1993, the Legislature enacted sex offender registration requirements. As he was on probation at the time, Hartwig was required to register.

In 2008, Hartwig filed a petition seeking to be released from the sex offender registration requirements. After a hearing, the district court found that Hartwig had shown by clear and convincing evidence that he was not a risk to commit a new violation for a violent crime or a crime identified in I.C. § 18-8304 and ordered that Hartwig be released from the registration requirements. Forty-one days later, the state filed a motion for reconsideration, arguing that Hartwig was ineligible for release from the registration requirements. The district court granted the state's motion and reinstated Hartwig's registration requirements.

In this appeal, the parties have focused their arguments on Hartwig's claims that the statutory prohibition against exempting those convicted of aggravated offenses from sex offender

- 1 -

registration requirements violates his constitutional rights. We do not reach these claims because we find that the district court lacked subject matter jurisdiction to amend its order exempting Hartwig from the duty to register as a sex offender.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Hartwig was charged with and pled guilty to the crime of lewd and lascivious conduct with a minor under the age of sixteen, I.C. § 18-1508. The Information filed in the case alleged that the victim was eight years old at the time of the offense. Hartwig received a suspended ten-year sentence, with five years fixed and was placed on probation for ten years.

In 1993, the Legislature passed the Sex Offender Registration Act, I.C. §§ 18-8301 to 18-8311. 1993 Idaho Sess. Laws ch. 155, § 1, p. 392. In 1998, the Legislature repealed the Sex Offender Registration Act, 1998. Idaho Sess. Laws ch. 411, § 1, p. 1276, replacing the earlier legislation with the Sexual Offender Registration Notification and Community Right-to-Know Act (SORA). 1998 Idaho Sess. Laws ch. 411, § 2, p. 1276. Hartwig was required to comply with the sex offender registration requirements of the Act because he was on probation for a violation of I.C. § 18-1508 on July 1, 1993. I.C. § 18-8304(1)(d).

By order dated September 23, 1998, the district court terminated Hartwig's probation and dismissed the case with prejudice.

In 2001, SORA was amended. The amendment created a new class of sexual crime, the "aggravated offense." 2001 Idaho Sess. Laws ch. 194, § 1, p. 659. Lewd conduct, when the victim is less than twelve years old, was included as an aggravated offense. I.C. § 18-8303(1).[1] The inclusion of this new class of offenses is important because a person convicted of an aggravated offense cannot be exempted from the duty to register as a sexual offender. I.C. § 18-8310(1).

In 2006, Hartwig filed a petition for exemption from SORA's registration requirements. The district court denied that petition. In 2008, Hartwig again petitioned the district court for release. The district court held a hearing on September 12, 2008, and found that Hartwig had "met his burden" of providing clear and convincing evidence that he was not a risk to commit any future violent crime or any crime identified in I.C. § 18-8304 as required by I.C. § 18-

---

[1] Under the current version of SORA, the requirement that the child be under the age of twelve has been removed. I.C. § 18-8303(1).

8310(1)(a). On October 1, 2008, the district court issued its "Order Pursuant [to] 18-8310 Releasing Defendant from Registration Requirements."

On November 10, 2008, the state moved for reconsideration of the October 1, 2008 order, arguing for the first time that Hartwig was an "aggravated offender" as defined in I.C. § 18-8303(1) and was, therefore, ineligible for exemption from sexual offender registration requirements under I.C. § 18-8310. Two hearings followed during which the district court considered Hartwig's contentions that the state was not permitted to seek reconsideration under the Idaho Rules of Civil Procedure and that applying the 2001 amendments to preclude Hartwig from seeking exemption from SORA's registration requirements violated Hartwig's constitutional rights.

As to Hartwig's claim that the motion for reconsideration was not permitted under the rules of civil procedure, the state asserted that the Idaho Criminal Rules governed the motion. The district court accepted the state's contention, finding "[t]here's nothing in the criminal rules that prohibit[ed]" the state's motion.

Turning to the substantive arguments regarding the constitutionality of applying I.C. § 18-8310(1) to Hartwig's case, the district court found:

> there is a legitimate argument here . . . . I don't doubt that. I believe, though, that under the current status of the case law in Idaho, from the Court of Appeals, the Supreme Court, and the United States Supreme Court and their previous holdings, that as the court has previously ruled, I'm required to grant the state's motion.

On March 20, 2009, the district court entered its order granting the state's motion for reconsideration and reinstating Hartwig's duty to register as a sex offender. Hartwig timely appealed from this order.

## II. ANALYSIS

"The question of jurisdiction is fundamental and cannot be ignored. Even if jurisdictional questions are not raised by the parties, the Court must address them on its own initiative." *Diamond v. Sandpoint Title Ins., Inc.*, 132 Idaho 145, 148, 968 P.2d 240, 243 (1998) (citing *H & V Eng'g, Inc. v. Idaho State Bd. of Prof'l Eng'rs and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987)). "The timely filing of a notice of appeal is jurisdictional." *In re Universe Life Ins. Co.*, 144 Idaho 751, 755, 171 P.3d 242, 246 (2007). This Court's ability to sua sponte review jurisdiction extends to an examination of the district court's jurisdiction. *State v. Lundquist*, 134 Idaho 831, 835, 11 P.3d 27, 31 (2000); *see also H & V Eng'g, Inc.*, 113 Idaho at

648, 747 P.2d at 57.   Questions of jurisdiction are questions of law over which this Court has free review.  *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007).

The district court entered its order releasing Hartwig from the duty to register on October 1, 2008.  On November 11, 2008, forty-one days after the order was entered, the prosecutor filed a motion for reconsideration.  We have held that the sex offender registration requirements were intended by the legislature to be remedial and therefore civil in nature.  *Ray v. State*, 133 Idaho 96, 99-100, 982 P.2d 931, 934-35 (1999).  Thus, as conceded by counsel for the state in oral argument on appeal,[2] the district court's acceptance of the prosecutor's assertion that Hartwig's motion was governed by the Idaho Criminal Rules was error.  *See* I.C.R. 1 ("These rules apply to all *criminal proceedings* in the district courts . . . .") (emphasis added).

"It is well established that this Court will not pass upon questions of constitutionality until it is presented with a cause demanding a ruling."  *State v. Tracy*, 119 Idaho 1027, 1028, 812 P.2d 741, 742 (1991).  As this matter may be decided on procedural grounds, we do not reach the constitutional issues raised by Hartwig.

The order releasing Hartwig from sex offender registration requirements was an appealable final order.  While it was not captioned as a "judgment or decree," under the rules in place at that time, it was an order that "adjudicate[d] the subject matter of the controversy, and represent[ed] a final determination of the rights of the parties."  *Camp v. E. Fork Ditch Co.*, 137 Idaho 850, 867, 55 P.3d 304, 321 (2002) (citing *Davis v. Peacock*, 133 Idaho 637, 641,  991 P.2d 362, 366 (1999)).

In *State v. Jakoski*, 139 Idaho 352, 79 P.3d 711 (2003), this Court addressed the effect of the lapse of time upon a trial court's jurisdiction to modify a judgment which had become final:

> The issue in this case is whether the district court had jurisdiction to consider Jakoski's motion to withdraw his guilty plea. This Court has long recognized that a court's jurisdiction to amend or set aside the judgment in a case does not continue forever. *Boyd v. Steele,* 6 Idaho 625, 59 P. 21 (1899) (where action had been dismissed by plaintiff, district court lost jurisdiction over the matter); *State ex rel. Conner v. Ensign,* 38 Idaho 539, 223 P. 230 (1924) (order annulling jail sentence and remitting fine made over three months after sentencing

---

[2] The state had little choice other than to make this concession.  Hartwig claims that application of the aggravated offense provision violates the ex post facto provisions of the state and federal constitutions.  The state's response is entirely predicated upon the premise that "SORA's provisions are civil and regulatory – not punitive."

   On appeal, counsel for the state evidently recognized that this Court would not permit the state to have it both ways – this Court would not apply the criminal rules to permit the state to avoid the time limits prescribed by the rules of civil procedure and yet characterize these proceedings as civil in nature in order to avoid the state and federal constitutional prohibitions against ex post facto laws.

was void because district court no longer had jurisdiction); *Mathers v. Mathers,* 42 Idaho 821, 248 P. 468 (1926) (where divorce decree had become final upon expiration of time for appeal, district court did not have jurisdiction to modify the decree to add a provision for alimony); *McAllister v. Erickson,* 45 Idaho 211, 261 P. 242 (1927) (where district court dismissed case for lack of prosecution, it did not have jurisdiction one year later to reinstate the case); *State v. Neil,* 58 Idaho 359, 74 P.2d 586 (1937) (where statutory time within which to move for a new trial had lapsed, district court was without jurisdiction to grant the motion); *State v. Johnson,* 75 Idaho 157, 269 P.2d 769 (1954) (where judgment had been affirmed on appeal, the district court did not have jurisdiction to amend judgment by placing defendant on probation); *State v. Iverson,* 79 Idaho 25, 310 P.2d 803 (1957) (where statutory time within which to move for a new trial had expired and judgment had been affirmed on appeal, district court did not have jurisdiction to grant motion for a new trial based upon newly discovered evidence); *Paul v. Paul,* 97 Idaho 889, 556 P.2d 365 (1976) (district court did not have jurisdiction to modify the property provisions of a divorce decree after time for appeal had expired); *State v. Chapman,* 121 Idaho 351, 825 P.2d 74 (1992) (because of unreasonable delay in ruling upon motion for probation or to reduce sentence, district court lost jurisdiction). *Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal.*

*Id*. at 354-55, 79 P.3d at 713-14 (emphasis added, footnote omitted).

Thus, in the absence of a statute or rule extending the trial court's jurisdiction or a timely appeal by the state, the trial court's jurisdiction to modify the October 1, 2008, order expired after forty-two days. In *Jakoski*, we identified I.R.C.P. 60(b) as one rule which extends a trial court's jurisdiction to modify a judgment. *Id*. at 355 n.5, 79 P.3d at 714 n.5. The state has not identified a basis under Rule 60(b) upon which the district court could have granted relief.

We have stated that motions to reconsider, when applied to final judgments, are properly considered under I.R.C.P. 59(e) and are subject to the fourteen day requirement prescribed by that rule. *Coeur d'Alene Mining Co. v. First Nat. Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990). The state's motion was therefore untimely as the state brought the motion more than fourteen days after the entry of the order. As of the date the motion for reconsideration was filed, the district court's jurisdiction had not yet expired. However, the day after the state filed its untimely motion, November 12, 2008, the forty-two day period concluded

and the district court was divested of its jurisdiction.[3] *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. From that day forward, the district court was without jurisdiction to modify its October 1, 2008 order. Thus, the district court's order reinstating Hartwig's duties to register must be vacated.

Because we find that the district court lacked jurisdiction, we do not address Hartwig's other arguments on appeal.

### III. CONCLUSION

We find that the order releasing Hartwig from the duty to register was a final order, that the state's motion for reconsideration was untimely, and that the district court lacked subject matter jurisdiction to amend the order. We therefore vacate the district court's order of March 20, 2009, reinstating Hartwig's duty to register.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem KIDWELL **CONCUR**.

---

[3] We acknowledge that the Court of Appeals has expressed concern regarding our use of the term "jurisdiction" in *Jakoski* when evaluating a court's authority to take actions affecting a judgment after the judgment has become final:

> A precise use of the term "jurisdiction" refers only to either personal jurisdiction over the parties or subject matter jurisdiction. Unfortunately, however, the term is often used more loosely to refer simply to a court's authority to take a certain action or grant a certain type of relief. That is, courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law. For example, our appellate courts have referred to a lack of "jurisdiction" when perhaps more precisely meaning that a motion or complaint was not timely filed, that a condition precedent to the right to file the action was not satisfied, or that governing statutes or court rules did not authorize the particular decision made by the court.

*State v. Armstrong*, 146 Idaho 372, 375, 195 P.3d 731, 734 (Ct. App. 2008).

We further acknowledge that there are significant ramifications which flow from a determination that a court has acted without subject matter jurisdiction. *Id*. at 374, 195 P.3d at 733. Nevertheless, we continue to adhere to our holding in *Jakoski*: In the absence of a statute or rule extending its jurisdiction, a trial court loses subject matter jurisdiction to amend or set aside a judgment once the judgment has become final, either by expiration of the time for appeal or affirmance of the judgment on appeal.