# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38859

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 336 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 22, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOSHUA LORAN BASSETT, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order of the district court denying request for exemption from duty to register as sex offender, vacated.

Wixom Law Office, Inc.; Rocky L. Wixom, Idaho Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Joshua Loran Bassett appeals from the district court's order denying his motion seeking release from the requirement to register as a sex offender.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, the State charged Bassett with four counts of lewd conduct. Pursuant to a plea agreement, the State dismissed two of the counts and Bassett pled guilty to the remaining charges. Thereafter, the district court entered judgment against Bassett and imposed concurrent sentences of eight years with three years determinate and retained jurisdiction. Following the period of retained jurisdiction, the district court suspended Bassett's sentences and placed him on probation for five years.

Bassett was required to register as a sex offender because of his convictions for lewd conduct. In 2009, Bassett filed a motion with the district court to be discharged from the

1

requirement to register as a sex offender. The district court, in response to the motion, informed Bassett that he could not petition to be removed from the registry until ten years had passed after he served his sentence. In 2011, Bassett filed a motion to be released from the requirement to register as a sex offender. The State opposed Bassett's motion, arguing that Bassett was not eligible for relief from the Sex Offender Registration and Notification and Community Right-to-Know Act (SORA). Idaho Code §§ 18-8301-8331. The district court denied Bassett's motion because he pled guilty to an aggravated offense and therefore could not be exempted from SORA. Bassett timely appeals.

## II.

## ANALYSIS

Bassett acknowledges the district court lacked subject matter jurisdiction to consider the merits of his motion. Bassett urges this Court to vacate the district court's order. The State agrees that the district court lacked jurisdiction, but requests this Court simply dismiss the appeal without vacating the district court's order. Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004).

The facts of this case are similar to those in *State v. Johnson*, 152 Idaho 41, 266 P.3d 1146 (2011). In that case, an adult sex offender filed a petition in his previously dismissed criminal case seeking an exemption from his duty to register as a sex offender. The petition was denied. On appeal, our Supreme Court held that it had no jurisdiction to decide the appeal because sex offenders seeking exemption from filing under SORA must file their petition as a new civil action if their criminal case had been dismissed or fully adjudicated, and the time for appeal had run. Here, Bassett filed two motions that requested he be released or discharged from SORA's registration requirement. Unfortunately, Bassett filed his motions as a matter arising in his criminal case and after it was fully adjudicated.[1] Therefore, following the rationale of *Johnson*, we note our lack of jurisdiction.

---

[1] *See* Idaho Appellate Rule 14(a) (providing that an appeal must be filed within forty-two days of when the district court enters the appealable order). Jurisdiction of a criminal matter thus expires forty-two days after the district court issues a final appealable order unless an appeal or some statute or rule extends that jurisdiction.

The only remaining issue for this Court to determine is whether we have the authority to vacate the district court's order for lack of subject matter jurisdiction or whether we are restricted to dismissing the current appeal. Jurisdictional questions are fundamental issues that this Court must address regardless of whether the parties themselves have raised them. *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 981 (2011). "This Court's ability to sua sponte review jurisdiction extends to an examination of the district court's jurisdiction." *Id.*

In *Johnson* and *Hartwig*, the Idaho Supreme Court determined that the district courts in both instances did not have subject matter jurisdiction to determine the respective defendants' requirements under SORA. Both cases vacated the district courts' orders because the ability to review jurisdiction extended to an examination of the district courts' jurisdiction. *Johnson*, 152 Idaho at 48, 266 P.3d at 1153; *Hartwig*, 150 Idaho at 330, 246 P.3d at 983. The Idaho Supreme Court precedent requires that we vacate the district court's order denying Bassett's motion seeking release from the requirement to register as a sex offender.

## III.

## CONCLUSION

Sexual offenders seeking discharge from SORA must petition the district court in a separate civil action. Because Bassett filed his motion in the fully adjudicated criminal case, the district court lacked jurisdiction. The district court's decision is therefore vacated.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**