# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44673

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 612** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 5, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DOUGLAS B. AUSTIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Orders denying Idaho Criminal Rule 35 motions for correction of illegal sentence and motion for leave to file an untimely notice of appeal, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Douglas B. Austin was found guilty of second degree murder in 1982. The district court imposed an indeterminate life sentence. Within the past year, Austin filed two Idaho Criminal Rule 35 motions for correction of an illegal sentence, asserting that his sentence was illegal because the district court did not articulate its consideration of the factors set forth in Idaho Code § 19-2521 and because the district court did not order a psychological evaluation pursuant to I.C. § 19-2522 before it sentenced him. Austin also filed a motion for leave to file an untimely notice of appeal from his original judgment of conviction, asserting that his trial counsel had failed to file a timely notice of appeal. Austin appeals from the district court's orders denying

1

his two Idaho Criminal Rule 35 motions to correct an illegal sentence and his motion for leave to file untimely notice of appeal.

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). Turning to Austin's first argument, a district court is not required to recite the factors set forth in Idaho Code § 19-2521, nor is it required to give reasons for imposing the sentence. *State v. Flowers*, 150 Idaho 568, 575, 249 P.3d 367, 374 (2011). As to Austin's second argument, I.C. § 19-2522 did not become effective until July 1, 1982; he was sentenced on March 26, 1982. 1982 Idaho Sess. Laws 925-27. Accordingly, the district court did not err in denying Austin's two Rule 35 motions.

Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action.

Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal. *State v. Hartwig*, 150 Idaho 326, 329, 246 P.3d 979, 982 (2011). Austin filed his motion for leave to file an untimely notice of appeal years after the judgment of conviction was entered. Because the district court lacked jurisdiction to extend the time for Austin to appeal from his judgment of conviction, the district court did not err in denying Austin's motion for leave to file an untimely notice of appeal.

We conclude no abuse of discretion has been shown and the district court's orders denying Austin's Rule 35 motions and motion for leave to file an untimely notice of appeal are affirmed.

2