# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45769

IDAHO RETIRED FIREFIGHTERS
ASSOCIATION, SHARON KOELLING, and
JOHN ANDERSON,

        Claimants-Appellants,

v.

PUBLIC EMPLOYEE RETIREMENT
BOARD,

        Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2019 Term

Filed: June 13, 2019

Karel A. Lehrman, Clerk

---

Appeal from the Industrial Commission of the State of Idaho. Chairman Thomas E. Limbaugh, presiding.

The decision of the Industrial Commission is <u>vacated for lack of jurisdiction.</u>

Herzfeld & Piotrowski, PLLC, Boise, for appellant. James Piotrowski argued.

Idaho Attorney General's office, Boise, for respondent. Steven L. Olsen argued.

---

STEGNER, Justice.

This case involves a dispute over how the Idaho Public Employee Retirement Board (the Board) calculates the annual cost of living adjustment (COLA) for retirees who are participants in the Firemen's Retirement Fund (FRF). The Idaho Industrial Commission (the Commission) held that the definition of "paid firefighter" includes part-time[1] firefighters. The effect of the Commission's decision results in a smaller annual COLA for retired firefighters. On appeal, the Idaho Retired Firefighters Association (the Association), and Sharon Koelling and John Anderson (Koelling and Anderson will be collectively referred to as the "Individual Claimants"), allege that the Board's inclusion of part-time firefighters violates statutory and constitutional

---

[1] For ease of identification, this decision will refer to "part-time" firefighters as those who negatively affect the annual COLA, i.e., the COLA is less than it would be if these firefighters are included in the calculation. While the issue is more nuanced, it is sufficient to say that the vast majority of those who negatively affect the annual COLA may accurately be referred to as "part-time" firefighters.

provisions. The Association and the Individual Claimants seek a ruling from this Court reversing the Commission's decision. In its place, they seek a ruling that would exclude part-time firefighters from the Board's annual COLA calculations, the effect of which would be an increase in the annual COLA applicable to retired firefighters. For the reasons set forth in this opinion, we vacate the Commission's decision because we conclude it lacked the necessary jurisdiction to decide the question presented to it.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**A. The FRF system and the annual COLA calculations.**

In 1945, the Idaho Legislature created the FRF to provide pension and disability benefits to Idaho firefighters. The Legislature codified the FRF in Title 72, Chapter 14. From 1945 until 1980, the State Insurance Fund administered the FRF.

In 1976, the Legislature passed Idaho Code section 72-1432B (now Idaho Code section 72-1471) to provide for an annual COLA for FRF beneficiaries. Idaho Code section 72-1471 states that the annual COLA is to be "calculated on the percentage increase or decrease in the average *paid firefighter's* salary or wage." (Italics added.)

Also during the 1976 Session, the Legislature amended the definition of "paid firefighter." 1976 Idaho Sess. Laws 922. The definition was changed to the following:

> The words "paid fireman" are synonymous with "paid firefighter," and mean any individual, male or female, excluding office secretaries employed after July 1, 1967, who is on the payroll of any city or fire district in the state of Idaho prior to October 1, 1980, and who devotes his or her principal time of employment to the care, operation, maintenance or the requirements of a regularly constituted fire department of such city or fire district in the state of Idaho.

*Id.* This definition has not changed since 1980. 1980 Idaho Sess. Laws 82 (codified at I.C. § 72-1403(A)).

In 1979, the Legislature transferred all of the assets and administration of the FRF to the Public Employee Retirement System of Idaho (PERSI), which is administered by the Board. I.C. § 59-1305 ("The board shall have the power and duty . . . of managing the system."). The transfer was effective October 1, 1980. The Legislature adopted Idaho Code sections 59-1351 to 59-1392 (the legislation governing the FRF now extends to Idaho Code section 59-1399) to implement the transfer of the administration of the FRF to the Board. In 1984, the Legislature amended the definition of "paid fireman" in section 59-1391(f) to match much of the definition in section 72-1403(A) but omitted any kind of date restriction and the clarification that "paid

fireman" was synonymous with firefighter. 1984 Idaho Sess. Laws 319. The Board has set the FRF's annual COLA since 1980.

The Association is a nonprofit entity, which was formed to monitor pension and retirement benefits for retired firefighters in Idaho. The Association meets with the Board regularly, tracks the annual COLA, and advocates (and now litigates) on behalf of its members.

In the fall of 2009, at the annual meeting of the Board and the Association, the Association's representative voiced concerns about the hiring of more reserve or part-time firefighters by the Lewiston Fire Department. The Association's concern was that inclusion of these reserve firefighters in the annual COLA calculation would reduce the calculation to the detriment of the Association's members. Based on the Association's concerns, PERSI's executive director, ordered an audit of the City of Lewiston's contributions to PERSI as it related to the FRF. The PERSI audit determined that there were inaccuracies in Lewiston's monthly reports. As a result, the Board made corrections based on its determination that Lewiston had not been correctly reporting its contributions to PERSI. After the audit, the Lewiston Fire Department began reporting the wages of all fire department employees it determined met the statutory definition of paid firefighter, which included reserve (or part-time) firefighters.

A few years later, the Association's representative requested that the Board recalculate the annual COLA excluding part-time firefighters in order to establish how the COLA was being affected. After the recalculations were performed, the Board determined the annual COLA would have increased if the reserve firefighters had been excluded. The Association lobbied the Board through its legal counsel to change its practice of including those part-time firefighters in the annual COLA calculations. However, the Board declined, stating that an amendment to the statute would be necessary to exclude part-time firefighters from the annual COLA calculation. The Association then initiated legal proceedings.

In October 2015, the Association, along with the Individual Claimants, filed a Petition and Complaint for Declaratory Ruling with the Commission. The Commission denied the petition because it did not have original jurisdiction over the dispute.

The Association and the Individual Claimants then filed a Petition for Declaratory Relief with the Board on November 24, 2015. A hearing was held on May 3, 2016. The hearing officer ruled against the Association and the Individual Claimants on August 18, 2016. The Board adopted the hearing officer's recommended order in its final order on October 18, 2016.

In response, the Association and the Individual Claimants then returned to the Commission on November 23, 2016, seeking review of the Board's final order. The Board filed a motion to dismiss on March 2, 2017, arguing that the Commission's jurisdiction was limited to "claims" and that the Association's and the Individual Claimants' request for a declaratory judgment was not a claim. The Commission denied the motion, finding that it had jurisdiction over appeals from the Board. (While the Commission found it had jurisdiction to decide whether a declaratory judgment should be issued, it also concluded it lacked jurisdiction to decide whether the Board's interpretation of the statute was unconstitutional.) On December 29, 2017, the Commission affirmed the decision of the Board in its Findings of Fact, Conclusions of Law, and Order (Order). The Association and the Individual Claimants timely appealed the Commission's Order.

## II. QUESTION PRESENTED ON APPEAL

Does the Commission have jurisdiction to review a request for declaratory relief on appeal from a decision by the Board?

## III. STANDARD OF REVIEW

"The question of jurisdiction is fundamental and cannot be ignored. Even if jurisdictional questions are not raised by the parties, the Court must address them on its own initiative." *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 982 (2011) (citing *Diamond v. Sandpoint Title Ins., Inc.*, 132 Idaho 145, 148, 968 P.2d 240, 243 (1998)). Questions of jurisdiction are questions of law over which this Court has free review. *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007).

## IV. ANALYSIS

Although the Board argued that the Commission did not have jurisdiction below, it did not raise the issue on appeal. However, this Court must address any jurisdictional concerns before it may resolve an underlying dispute. *Hartwig*, 150 Idaho at 328, 246 P.3d at 982 (citation omitted). The question is whether the Commission had jurisdiction to review a rejection of a request for declaratory relief issued by the Board.

The Association and the Individual Claimants properly filed both the declaratory judgment request and any potential claims for benefits under the FRF with the Board. I.C. § 67-5232 (claimants "may petition an agency for a declaratory ruling as to the applicability of any statute"); I.C. § 72-1423 ("All claims against the public employee retirement account shall be

filed with the . . . [B]oard."). Further, this Court has jurisdiction to review conclusions of law in any order issued by the Commission. Idaho Const. art. V, § 9. As will be discussed, the Commission has appellate jurisdiction over specific claims for benefits under section 72-1423. Therefore, the sole issue in this appeal is whether the Commission had jurisdiction under section 72-1423 to review an order of the Board in which it rejected a request for declaratory relief.

Because the Commission was created by statute, it has no jurisdiction outside of what the Legislature specifically grants it. *See Idaho Power Co. v. Idaho Pub. Utils. Comm'n*, 102 Idaho 744, 750, 639 P.2d 442, 448 (1981). Therefore, the Commission exercises limited jurisdiction, "with nothing being presumed in favor of its jurisdiction." *Id.* As such, this Court must void an order by the Commission that determines issues outside of its statutory jurisdiction. *See Wernecke v. St. Maries Joint Sch. Dist. No. 401*, 147 Idaho 277, 286 n.10, 207 P.3d 1008, 1017 n.10 (2009) (citing 73 C.J.S. Public Administrative Law & Procedure § 112).

**A.      Idaho Code section 72-1423 does not create jurisdiction for the Commission to decide a petition for declaratory relief.**

Generally, a district court has jurisdiction to review declaratory judgments by administrative agencies. I.C. § 67-5272(1). Here, the Board, as an agency, is governed by the Idaho Administrative Procedure Act (the Act). *See* I.C. § 67-5201(2). Under the Act, when an agency is presented with a petition for declaratory judgment, it may initiate a contested case. I.C. § 67-5232(2). Then, the Board would have jurisdiction under section 67-5232 to issue an order regarding the petition for declaratory judgment. The order issued by the Board would be considered a "final agency action" (pursuant to Idaho Code section 67-5232(3)), which would be reviewable by a *district court* under section 67-5270(2).

Section 67-5270(1) further states, "[j]udicial review of agency action shall be governed by the provisions of this chapter *unless [an]other provision of law is applicable to the particular matter.*" I.C. § 67-5270 (italics added). Here, the other provision of law that would potentially apply is Idaho Code section 72-1423. Section 72-1423 sets out the procedure and jurisdiction of the Commission in regard to appeals from the Board.

However, section 72-1423 limits the Commission's appellate jurisdiction to "claims." That section provides,

All *claims* against the public employee retirement account [fund][2] shall be filed with the public employee retirement system board. Any appeal from a decision of the board shall be filed with the industrial commission in as nearly as practicable the same manner that *claims* under the Workers' Compensation Law of the state of Idaho are filed, and the said industrial commission is hereby given jurisdiction to entertain and pass upon said *claims*, allow or deny *claims* and make awards, and the provisions of the Workers' Compensation Law of the state of Idaho relative to process, hearings and appeals are hereby made applicable to the provisions of this chapter, and said industrial commission is hereby given power and authority to make rules and regulations governing procedure in relation to said *claims* appealed from the public employee retirement system board.

I.C. § 72-1423 (italics added). Given the process outlined in the statute above, it is clear the Commission only has appellate jurisdiction under the FRF over "claims" appealed from the Board.

Thus, for the Commission to have proper jurisdiction under this statute, the requested declaratory judgment must be considered a "claim" under section 72-1423. However, as the FRF statutes do not define "claim," this Court must turn to statutory interpretation to determine the definition.

"Statutory interpretation begins with 'the literal words of the statute, and this language should be given its plain, obvious, and rational meaning.'" *Farmers Nat'l Bank v. Green River Dairy, LLC*, 155 Idaho 853, 856, 318 P.3d 622, 625 (2014) (quoting *Seward v. Pac. Hide & Fur Depot*, 138 Idaho 509, 511, 65 P.3d 531, 533 (2003)). "[I]f statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction." *Saint Alphonsus Reg'l Med. Ctr. v. Raney*, 163 Idaho 342, 345, 413 P.3d 742, 745 (2018) (citing *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999)).

Here, "claim" unambiguously refers to an entitlement of monetary benefits from the FRF. Section 72-1423 states that "claims" must be against the "public employee retirement account [fund]." Section 72-1403 references the fund as created by Idaho Code section 59-1311. Section 59-1311 establishes a special fund of money that is set aside for retirement benefits. Because a claim can only be made against the fund, which refers to money set aside to satisfy retirement

---

[2] Idaho Code section 72-1403(F) defines "public employee retirement account" as the account created by Title 59, Chapter 13. Title 59, Chapter 13 only created a "fund." It appears the Idaho Code Commission added the bracketed [fund] to address this confusion.

benefits, a "claim" would be limited to a claim for monetary benefits, not a declaration of rights under the particular chapter.

This is further supported by the fact that the Commission is not the administrator of the FRF. Rather, the Board administers the FRF. I.C. § 72-1405. It seems incongruous that the Legislature would invest the Commission with the ability to declare rights granted in the laws and rules of a chapter that another agency administers. It is more consistent with the legislative intent that the Commission would review claims against the fund for issues of factual determinations, like whether a claimant has established eligibility to monetary benefits, and that questions of substantive law in which a declaratory judgment is sought would be referred to the district court.

Here, the gravamen of the petition is to secure a declaratory ruling. The entire petition's language is devoted to the legal determination of how to calculate the annual COLA. Any potential request for monetary benefits from the Individual Claimants was solely predicated on the outcome of the declaratory ruling. Therefore, as any claims in this context are contingent on the declaratory judgment, the district court was the proper venue for judicial review of the requested relief. The Commission only has appellate jurisdiction over the specific claims for monetary benefits against the fund.

We have previously held this type of divided jurisdiction (that is, that declaratory judgements will be heard by the district court and claims will be decided by the Industrial Commission) to be the proper result. *See Idaho Mut. Benefits Ass'n, Inc. v. Robison*, 65 Idaho 793, 803, 154 P.2d 156, 161 (1944).[3] In that case, this Court was tasked with determining relevant jurisdiction between the Commission and the district court. *Id.* The claimants pursued a determination of the constitutionality of a particular unemployment law as well as the application of the law to their claims. *Id.* This Court held:

> [T]he district court had jurisdiction to construe the law and pass upon its constitutionality, but that it had no jurisdiction to investigate the facts, to make findings thereon or to determine the weight of the evidence or credibility of witnesses. These were questions to be determined by the [Commission] in the first instance reviewable on appeal. We will therefore not determine these phases of

---

[3] *Robinson* concerned the application of the Declaratory Judgment Law, which is not applicable here as the initial request for declaratory judgment was filed pursuant to the Administrative Procedure Act with the Board. I.C. § 67-5232.

> the controversy but leave them for the appropriate tribunal and consequent attendant procedure.

*Id.* In other words, the district court has jurisdiction to construe the law, while the Commission acts as the factfinder and decides specific claims. *Id.* Here, the issue, as presented by the Commission, involved a question of law: "Is PERSI acting in violation of statute by including part-time firefighters employed by the City of Lewiston in the cost-of-living adjustments for the Firem[e]n's Retirement Fund?" Consequently, the Board's motion to dismiss should have been granted and this question of law should have been heard by the district court.

Accordingly, we hold that the district court has proper jurisdiction to review the declaratory judgment and the Commission has proper jurisdiction to review specific claims. Here, as the Commission did not have jurisdiction to review the declaratory judgment, the Commission's Order is void. *See Wernecke*, 147 Idaho at 286 n.10, 207 P.3d at 1017 n.10 (citation omitted).

We decline to address any potential claims made by the Individual Claimants.[4] As noted above, the gravamen of the petition is to secure a declaratory ruling. Further, although it is unclear whether the Individual Claimants are entitled to relief, their claims are so interrelated to the Association's request for declaratory relief that the claims should only be addressed after a ruling on the Association's request. *See Robison*, 65 Idaho at 803, 154 P.2d at 161 ("We will therefore not determine these phases of the controversy but leave them for the appropriate tribunal and consequent attendant procedure."). For example, if the Association were entitled to a declaratory judgment then the Individual Claimants would presumably be entitled to benefits pursuant to a recalculated annual COLA. Conversely, if the Association were not entitled to declaratory relief, the Individual Claimants would presumably not have any claim to benefits. Therefore, this Court will not address any potential individual claims at this juncture. To address them, would "contravene our policy of avoiding piecemeal litigation." *Mortimer v. Riviera Apartments*, 122 Idaho 839, 842, 840 P.2d 383, 386 (1992); *see also Losser v. Bradstreet*, 145 Idaho 670, 674, 183 P.3d 758, 762 (2008).

---

[4] Any potential claims would be limited to the Individual Claimants; the Association cannot be a claimant as it is not entitled to any benefits under the FRF.

**B.** **On remand, the Commission must dismiss the petition for declaratory judgment. The Association and the Individual Claimants would then be entitled to seek review in district court.**

The Board's final order, as well as Idaho Code section 67-5273, stated that the Association and the Individual Claimants had twenty-eight days to file a petition for review of the declaratory judgment with the district court. That time has now elapsed. However, section 67-5273 also states, "[t]he time for filing a petition for review shall be extended during the pendency of the petitioner's timely attempts to exhaust administrative remedies, if the attempts are clearly not frivolous or repetitious." I.C. § 67-5273.

Given the complexities and uncertainties regarding jurisdiction in this case, the Association's and the Individual Claimants' efforts were not frivolous. (This is especially true given that the Commission erroneously concluded that it *had* jurisdiction to decide the Association's request.) Therefore, this Court determines the Commission's Order is void and correspondingly vacates the Commission's Order and remands the case to the Commission. On remand, the Commission must dismiss the petition seeking declaratory relief. Upon that happening, the Association and the Individual Claimants may file a petition for review of the Board's declaratory judgment with the district court as contemplated by Idaho Code section 67-5273, assuming it is done within twenty-eight days of the filing of the Commission's order dismissing the petition for declaratory judgment.

## V. CONCLUSION

As the Commission's Order is void, we vacate it and remand this matter to the Commission so that it can dismiss the request for the declaratory judgment because the Commission lacked the jurisdiction to determine the request.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER, CONCUR.