IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48675

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Filed: December 14, 2021** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| **v.** | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| **WADE ALEXZANDER BEST,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order denying motion for evidentiary hearing, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

HUSKEY, Chief Judge

Wade Alexzander Best appeals from the district court's denial of motion for evidentiary hearing. Because the district court lacked jurisdiction to consider the motion, the court did not err. The order denying Best's motion for evidentiary hearing is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Best entered an *Alford*[1] plea to lewd conduct with a child under sixteen years of age. The district court sentenced Best to a unified sentence of twenty years, with ten years determinate. Best filed an Idaho Criminal Rule 35 motion arguing the sentence was excessive. The district court denied the Rule 35 motion. Best appealed and this Court affirmed the judgment of conviction and

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

sentence. *State v. Best*, Docket No. 47515 (Ct. App. July 16, 2020) (unpublished). Best filed a petition for review; the Idaho Supreme Court denied the petition and issued a remittitur.

Thereafter, Best filed a pro se motion for evidentiary hearing in the district court seeking to set aside his judgment of conviction and sentence. The district court denied the motion. Best timely appeals.

## II.
## ANALYSIS

"[M]indful of the limitations on the district court's jurisdiction," Best asserts the district court erred when it denied his motion for evidentiary hearing. In response, the State argues that the district court lacked jurisdiction to consider the motion on the merits and, therefore, did not err.

Questions of jurisdiction are questions of law over which this Court has free review. *State v. Hartwig*, 150 Idaho 326, 328, 246 P.3d 979, 981 (2011). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). Here, as Best concedes, no rule or statute extended the district court's jurisdiction beyond when the Supreme Court issued a remittitur affirming the judgment of conviction. Because Best filed his motion for evidentiary hearing after the remittitur was issued and the judgment became final, the district court lacked jurisdiction to consider the merits of the motion. Accordingly, the district court did not err in denying Best's motion for evidentiary hearing.

## IV.
## CONCLUSION

The district court lacked jurisdiction to consider Best's motion for evidentiary hearing. Accordingly, the district court did not err in denying the motion. The order denying Best's motion for evidentiary hearing is affirmed.

Judge GRATTON and Judge LORELLO **CONCUR**.

2